UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LEE J. CHURCH, ) | |
| ) | |
|     Plaintiffs ) | |
| ) | CAUSE NO. 1:06-CV-335 RM |
| vs. ) | |
| ) | |
| MICHAEL VENABLE, *et al.*, ) | |
| ) | |
|     Defendants ) | |

<u>OPINION AND ORDER</u>

Lee J. Church, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). <u>Weiss v. Colley</u>, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>     In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In

> reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Church, who was convicted of armed robbery, sues three defendants: Michael Venable, a store clerk who shot him during a robbery; Antonio Markez, the owner of the store; and Officer Cory Thomas, a Fort Wayne Police Officer who responded to the robbery and shooting. Mr. Church alleges that he entered the store with his face covered while carrying a hand gun. He alleges that he ordered the clerk to open the register and said, "I'm gonna kill ya." He alleges that the clerk opened the register and stepped away from it before ultimately shooting him. He further alleges that when Officer Thomas arrived, the clerk told the police that he shot Mr. Church while he was attempting to rob the store. He alleges that the officer then told the clerk to sit down and wait to be taken to the police station where he would be interviewed.

> For the individual defendants to act "under color of state law" for § 1983 purposes means to misuse power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. As a result, acts by a state officer are not made under color of state law unless they are related in some way to the performance of the duties of the state office.

Thurman v. Village of Homewood, 446 F.3d 682, 687 (7th Cir. 2006) (quotation marks, brackets, and citation omitted). Neither the store clerk nor store owner hold state office, neither were they clothed with the authority of state law. They were merely private

2

individuals who were unlucky victims of a robbery. Though Mr. Church alleges that they abused the public trust and violated the dignity of store owners, neither of these allegations state a claim. Because neither of them were state actors, they must be dismissed.

The police officer did possess power and was clothed with authority by state law. The sole allegation against him is that he told the clerk to sit down, not say anything, and wait to be transported to the police station where he would be interviewed. Later the clerk was questioned by Detective Seay. The actions of neither the police officer nor the detective violated Mr. Church's rights. The police question victims and witnesses, sometimes they make them wait to give statements, sometimes they divide job duties and pass work off to a detective. None of these things violated the Constitution.

For the foregoing reasons, this complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED

ENTERED: October  10 , 2006

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　　United States District Court